IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Arthur L. Hairston, Sr.,<br>　　　Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:13cv682 (TSE/IDD) |
| | ) | |
| Eric Holder, et al., | ) | |
| 　　　Defendants. | ) | |

### MEMORANDUM OPINION

Arthur L. Hairston, Sr., a federal inmate proceeding pro se, has filed a complaint seeking

monetary damages and injunctive relief based on his transfer to his present place of incarceration,

FPC Petersburg.  In light of the liberality mandated by plaintiff's pro se status, his complaint

naming federal defendants will be construed as seeking relief pursuant to Bivens v. Six Unknown

Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which extends § 1983

liability to federal officials. Plaintiff has applied to proceed in forma pauperis in this action.

After reviewing plaintiff's complaint, the claim against defendants must be dismissed pursuant to

28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief
>> can be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

## I. Background

Plaintiff alleges that he is a 55-year-old United States citizen who has been in federal custody since 2001. On November 5, 2012, he was transferred from LSCI Allenwood to FPC Petersburg "despite [his] serious medical need and condition" and "despite [his] being under [the care of] Physician Neuro Surgeon Specialist, Rodwan K. Rajjoub, M.D." Compl. at ¶ 13.

Attached as an exhibit to the complaint is a History and Physical report prepared by Dr. Rajjoub. It reflects that plaintiff was examined on January 18, 2011, for complaints of pain in his lower back and left leg. Plaintiff stated that had a decompressive lumbar laminectomy in 1986 and gained relief as a result, but recently he again had begun to experience back pain with numbness, tingling and spasms in his left leg. Dr. Rajjoub noted impressions of a lumbar epidural cyst at L4-5, lumbar canal stenosis at L3-4, severe degenerative lumbar disc disease with bulging of the disc at L3-4, insulin-dependent diabetes, hypertension, and obesity. Dr. Rajjoub discussed these findings with plaintiff, advised a course of physical therapy, and explained that surgery might be required if no relief was gained from therapy. Compl. Ex. A.

On August 9, 2012, Dr. Rajjoub addressed a letter to plaintiff at FCC Allenwood, recommending that plaintiff "get in touch with the prison authority to arrange for ... re-evaluation in my office. The office visit you had with me was on 1/18/11, which was over 20 months ago. Further recommendations will be based on the findings and examination. You may need to have a recent MRI for further review." Compl. Ex. A-1. By return letter dated August 13, 2012, plaintiff described his back pain and recounted his efforts to "stretch and stay flexible" by taking yoga classes and "medicine ball." He also stated that he had received a notice from the "so-called review committee" stating that he had been approved to see Dr. Rajjoub "almost two

2

months ago," so "let's see what happens." Compl. Ex. A-2.

On August 24, 2012, Warden Delbert Sauers at LSCI Allenwood requested that the

Bureau of Prisons ("BOP") transfer plaintiff to FPC Petersburg.  As the rationale for referral, the

Warden stated:

> Inmate Hairston is a MINIMUM security level inmate who has been
> assigned to OUT custody.  His family resides in the state of West
> Virginia. Therefore, we are requesting a transfer to a Minimum Level
> Facility to the Federal Prison Camp in Petersburg, Virginia. Inmate
> Hairston had a management variable of greater severity which expired
> in July 2012. ... He has a projected release date of December 31,
> 2014. Due to his lengthy sentence and recent sentence reduction,
> inmate Hairston would benefit from placement in a camp
> environment prior to his projected release date.

The Warden described plaintiff's physical condition as follows:

> Inmate Hairston is assigned regular duty status with medical
> restrictions of No Prolonged Standing, No Weight Lifting Over 15
> lbs, Soft Shoe Only, No Food Service Work and Other.  According
> to his Pre-sentence Report (PSI), he is in fair physical condition and
> he has no history of emotional or mental problems. He is a care level
> 2 inmate.

Compl. Ex. A-3.

On January 10, 2013, after he was transferred to FPC Petersburg, plaintiff underwent an

MRI of his lumbar spine and pelvis as the result of his continuing lower back pain.  The

physician noted impressions of an abnormal soft tissue signal intensity which was "suspicious for

free disc fragment;" "severe spinal canal stenosis" at L4-5; "disc osteophyte complex" at L3-4;

"severe degenerative disc disease" at L3-4; and "laminectomy defect" at L5-S1. Compl. Ex.D-1.

As a result, on April 10, 2013, Dr. Katherine Laybourn of BOP's Health Services placed a

"medical hold" on plaintiff which directed that he not be transferred for "medical reasons."  The

document also specified that plaintiff was to be assigned to a lower bunk, could not stand or sit

for more than 15 minutes in a row, could lift no more than 15 pounds, could not work in food

service, and was to have in his possession a glucometer, eyeglasses and medical shoes. Compl.

Ex. A.

Based upon the foregoing events, plaintiff alleges that when he was incarcerated in 2001

he had been classified as totally disabled by the Social Security Administration and the Veterans

Administration. Compl. ¶ 14. He asserts that by virtue of his four previous transfers he is

qualified for home confinement for 12 months and placement in a residential reentry center, but

because his previous transfer forms did not mention his "medical disability or medical reasons

not to transfer," he is being denied those placements. He argues that his current "medical hold"

status "proves" that he has been discriminated against and "lacks a rational basis," Compl. ¶ 14,

and he also invokes the Americans with Disabilities Act and the Federal Rehabilitation Act.

Compl. at p. 1. Plaintiff states that he has addressed "letters in complaint" to President Obama,

Mrs. Obama, Attorney General Eric Holder, BOP Director Charles Samuels, National Inmate

Appeals Administrator Harrell Watts, Regional Director C. Eichenlaub, FCC Petersburg Warden

Eric Wilson, Dr. Katherine Laybourn, and Unit Manager Tomlinson. Id. All of those

individuals, in addition to Case Manager Coordinator Paul Kelly, are named as defendants to this

action. As relief, plaintiff seeks an award of $1 million in damages from each defendant, as well

as unspecified injunctive relief making him "free from discrimination and to have equal

protection." Compl. ¶ 75.

**II. Standard of Review**

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint

4

that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C.

§ 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is

determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."

Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed

true, and the complaint should be dismissed only when "it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations." Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a

plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative

level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal

conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

### III. Analysis

There are a number of problems with plaintiff's complaint. First, his claim appears to

remain unexhausted. It is well established that "[n]o action shall be brought with respect to

prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81 (2006) (requiring

complete exhaustion of correctional facility administrative remedies). The BOP's Administrative

Remedy Program, see 28 C.F.R. §§ 542.10-19, provides a process through which federal inmates

may seek formal review of an issue which relates to any aspect of their confinement. Under the

Program, inmates are generally required to resolve their complaints informally through the

submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. Within 20 days

after the circumstances which are the subject of the inmate's complaints occurred, the inmate

must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9

Form. Id. § 542.14(a) and (c)(4). The Warden of the institution must respond to the inmate's

request within 20 days. Id. § 542.18. If the Warden's response is unfavorable, the inmate may

then submit a "Regional Administrative Remedy Appeal" on a BP-10 Form to the BOP Regional

Director within 20 days. Id. § 542.15(a) and (b). The inmate may then appeal to BOP General

Counsel on a BP-11 Form within 30 days after a signed response by the Regional Director. Id. §

542.18(a). General Counsel has 40 days to respond to the inmate's appeal, and the

administrative process is exhausted when the General Counsel issues a ruling on the inmate's

final appeal. Id. § 542.15(a).

Here, plaintiff states that he has exhausted the administrative remedy process because

"[t]he BP/11 is at the central office national inmate appeals." Compl. at ¶ 16. Of course,

lodging the appeal with the General Counsel does not achieve exhaustion; instead, the

administrative appeal is completed only when counsel issues a ruling. Therefore, when the

instant complaint was filed plaintiff's claim had not yet been exhausted.

Moreover, even if the General Counsel by now has issued a ruling adverse to plaintiff on

the administrative appeal, most of the named defendants can have no liability to plaintiff for the

6

claim he alleges. In <u>Bivens</u>, the Supreme Court established a cause of action under the

Constitution against federal officials for the violation of federal rights. "Liability in a <u>Bivens</u>

case is "personal, based upon each defendant's own constitutional violations." <u>Trulock v. Freeh</u>,

275 F.3d 391, 402 (4th Cir. 2001) (internal citations omitted). Accordingly, in order to establish

liability in a <u>Bivens</u> case, plaintiff must allege the particular acts taken by each defendant which

violate his constitutional rights. <u>See</u> <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994). Further,

plaintiff must show some kind of personal involvement on the part of the defendant and a causal

connection to the harm alleged, <u>see</u> <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986);

<u>respondeat superior</u> cannot form the basis of a claim for constitutional violations in <u>Bivens</u> cases.

<u>Rizzo v. Good</u>, 423 U.S. 632 (1976). Here, the sole allegation plaintiff makes against the

majority of the named dependants is that they failed to respond to his "letters in complaint."

Therefore, plaintiff fails to state claims for which relief can granted against President Obama,

Mrs. Obama, Attorney General Holder, BOP Director Samuels, National Inmate Appeals

Administrator Watts, Regional Director Eichenlaub, Warden Wilson, and Unit Manager

Tomlinson, as these individuals either are not alleged to have taken particular acts that directly

caused the harm plaintiff alleges and/or are named as defendants solely as the result of their

supervisory positions.

Under other circumstances, plaintiff in deference to his <u>pro se</u> status would be given an

opportunity to particularize and amend his allegations against these defendants. Here, however,

such a step would be futile, because plaintiff's complaint in substance fails to state a viable claim

for relief. In essence, plaintiff seeks damages and injunctive relief for the BOP's failure to place

him in a residential reentry center, which he believes is precluded by the "medical hold" placed

7

on him by officials at FPC Petersburg. However, it is well established that a prisoner has no

enforceable right to be housed or not to be housed at any particular correctional facility. A

prisoner has no constitutional right to select a particular correctional facility for his placement or

to be transferred or not to transferred to a different facility upon request. Olim v. Wakinekona,

461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976). A prisoner has no due process

interest in his placement at a particular prison, nor does the Constitution "guarantee that the

convicted prisoner will be placed in any particular prison." Meachum, 427 U.S. at 223-25; see

also, Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Since the sole relief plaintiff seeks in this

lawsuit is predicated on the BOP's failure to place him in a particular facility, he fails to state a

claim for which federal relief can be granted.

## IV. Conclusion

For the foregoing reasons, the complaint must be dismissed for failure to state a claim

pursuant to § 1915A. Plaintiff's application to proceed in forma pauperis accordingly must be

denied, as moot. An appropriate Order shall issue.

Entered this ____6th____ day of ____November____ 2013.

Alexandria, Virginia

_____
T. S. Ellis, III
United States District Judge